In The United States District Court for
The Middle District of Pennsylvania

Mark Ford,
   Plaintiff

v.

Tyler Smith, et al,
   Defendants

Civil Action No. 4:21-cv-1957

William I. Arbuckle

Jury Trial Demanded

FILED WILLIAMSPORT
PER ___ MAR 18 2022
DEPUTY CLERK

## Amended Complaint

And Now, comes the Plaintiff, in the above captioned matter, by and through Next of Friend, Inmate Joshua Payne, hereby files this Amended Complaint and states the following:

## Introduction

This is a civil action arising out of the acts and omissions of correctional officers and employees, employed by the Pennsylvania Department of Corrections who violated Plaintiff's constitutional rights under the 1st, 8th and 14th Amendments and a §1983 conspiracy claim, plus sexual harassment under Pa. Code. Plaintiff seeks damages against each individual named in this complaint, separately and as a whole, and he seeks declato and injuctive relief.

## Jurisdiction and Venue

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343.

2. The court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because the claims arose within the Middle District of Pennsylvania.

## Parties

1. Plaintiff, Mark Ford, is an inmate currently housed at SCI-Mahanoy.

2. Defendant Smith is an employee at SCI-Mahanoy and holds the position of Correctional Officer.

3. Defendant MacKnight is an employee at SCI-Mahanoy and holds the position of CCPM.

7. Defendant White is an employee at SCI-Mahanoy and holds the position of Deputy Superintendent.

8. Defendant Powell is an employee at SCI-Mahanoy and holds the position of Correctional Officer, rank of Captain.

9. Defendant Mason is an employee at SCI-Mahanoy and holds the position of Superintendent.

10. Defendant Weidenvold is an employee for the Department of Corrections and holds the position of Hearing Examiner.

11. Defendant Moslak is an employee for the Department of Corrections and holds the position of Chief Hearing Examiner.

12. All Defendants at all relevant times herein were acting under color of state law and all Defendants are being sued in both of their capacities.

## Statement of Facts

13. On or about June 1, 2020, Plaintiff was admitted to a Psychiatric Observation Cell (P.O.C.) in SCI-Mahanoy's Restricted Housing Unit (R.H.U.) due to having suicidal thoughts.

14. On or about June 3, 2020, Defendant Smith came to Plaintiff's cell twice because Plaintiff requested his clothing, between the hours of 9:15am and 1:50pm.

15. The first time Defendant Smith came to Plaintiff's cell he, Defendant Smith, sarcastically stated to Plaintiff "Why don't you talk to me, I can help you think better."

16. The second time Defendant Smith came to Plaintiff's cell he, Defendant Smith, stated "If I had to walk around with a dick like that I'd wanna kill myself too."

17. Upon being released from P.O.C. Plaintiff filed a grievance against Defendant Smith complaining about the sexual harassment remarks he made towards the Plaintiff.

18. This grievance was subsequently and systematically rejected, however the complaint was turned into a Prison Rape Elimination Act (PREA) investigation.

19. During the course of the PREA investigation, Plaintiff spoke to a state trooper named Ryan via telephone per the institution's request which led to Plaintiff filing a formal complaint against Defendant Smith.

20. After Plaintiff filed multiple grievances and complaints against Defendant Smith, Defendant Smith still went out of his way to verbally harass the Plaintiff making statements like "Dickhead you like filing PREA" and "keep it fucking moving."

21. Plaintiff filed grievances about these incidents but they were consolidated with the first grievance/PREA complaint filed and nothing was done.

22. Again Plaintiff was verbally harassed by Defendant Smith when he came into contact with him and Defendant Smith stated "only pussy niggers file grievances" and "I should pay someone to take care of a pussy nigger like you."

23. Plaintiff again filed grievances against Defendant Smith and nothing was done.

24. On or about August 20, 2020, Plaintiff was issued a "B Class I" misconduct and charged with "Lying to an employee".

25. The misconduct was issued because of the conclusion of the PREA investigation.

26. The PREA policy specifically states that an inmate will not be retaliated against for using the PREA system in good faith.

Defendant Powell signed off on the misconduct and was the initial investigator that responded to plaintiff's grievance(s).

27. Defendant Powell gained knowledge about plaintiff's PREA complaint when he questioned the plaintiff and responded to the grievance(s) filed against Defendant Smith. Defendant Powell gave and/or had a prebias standing against the plaintiff.

28. Because of the prebias disposition of Defendant Powell against the plaintiff, this led to him approving of and signing off on the misconduct that was issued to the plaintiff.

29. Thereafter, plaintiff went in front of Defendant Wiedernold, the hearing examiner at SCI-Mahanoy who also had a prebias disposition towards the plaintiff because plaintiff had filed several grievances and complaints against Department of Corrections D.O.C. staff members.

30. Because of Defendant Wiedernold prebias disposition towards the plaintiff he was found guilty of lying to an employee, without any evidence supporting the charges except for Defendant's Smith denial of the incident and Defendant Wiedernold stating on the record that Defendant Smith was/is more credible than plaintiff.

31. Defendant Wiedernold further stated that he believes Defendant Smith is more credible because he is a corrections officer and he has no reason to lie, but inmates do.

32. Plaintiff stated at the misconduct hearing with Defendant Wiedernold that his side of the incident is true and that video footage will show Defendant Smith stopping at plaintiff's cell twice, although there is no audio it will confirm Defendant Smith was saying something. Defendant Wiedernold refused to watch the video.

33. Plaintiff spoke to Defendant White on August 20, 2020, about the retaliatory misconduct issued for using the PREA system and Defendant White stated "we already knew you were lying it just took us some time to issue you a misconduct".

34. After this bias response from Defendant White plaintiff was sanctioned to 30 days in the R.H.U. because of being found guilty of the retaliatory misconduct, charged with lying to an employee.

35. While serving his sanction in the R.H.U. plaintiff was housed on a unit where Defendant Smith was stationed daily and Defendant Smith went out of his way to further verbally harass the plaintiff and Defendant Smith even denied the plaintiff his food trays whenever he worked the unit.

6. Plaintiff did appeal the misconduct to Defendant Mason who failed to properly investigate and/or intervene into the unconstitutional actions of Defendant Smith, and she gave and/or had a prebias disposition towards the Plaintiff.

7. Plaintiff even tried to appeal his misconduct through the proper process, but it was not addressed because the misconduct number was altered and the response was a copy and paste from a misconduct that Plaintiff appealed two years prior, so to cover up this very incident.

8. Defendant Macknight never came to speak with the Plaintiff about the PREA complaint filed against Defendant Smith, despite being the PREA coordinator for SCI-Mahanoy, but yet she still gave a prebias finding based only Defendant Smith's version of events.

9. Defendants' Macknight, White, Powell, Mason, Wiederwold and Moslak all did participate in investigating Plaintiff's PREA complaint(s), grievances, and misconduct appeals but all failed to properly investigate Defendant Smith's actions and all Defendants had a prebias disposition towards the Plaintiff regarding investigating the sexual harassments and retaliatory actions of Defendant Smith toward the Plaintiff.

10. Plaintiff stated to all named Defendants that there is no evidence to support the Hearing Examiner's finding of guilt for the Plaintiff's charge of lying to an Employee, because they are only taking Defendant Smith's version as true.

11. Defendant Smith further showed retaliatory conduct towards Plaintiff while Plaintiff was in General Population, by issuing Plaintiff a misconduct, falsifying charges that was later dismissed by the Unit Manager of Plaintiff's Block once he discovered that Plaintiff had filed a PREA against Defendant Smith.

## Conspiracy

## Claims for Relief

42. Plaintiff realleges and incorporates by reference of paragraphs 1-41, above as if fully set forth herein.

43. That Defendants Smith, White, Mason, Powell, Macknight, Wiederwold and Moslak all conspired together to retaliate against the Plaintiff by way of issuing falsified misconducts because Plaintiff filed grievances and PREA complaints against Defendant Smith for retaliation, harassment and sexual harassment.

## Retaliation

44. Plaintiff realleges and incorporates by reference of paragraph 1 through 41, above as if fully set forth herein.

45. That Defendant Smith's actions of retaliating against the Plaintiff for filing grievances and a PREA complaint against him because of the sexual harassment comments towards the Plaintiff, in the form of falsified misconducts and verbal sexual harassment.

46. That Defendants Powell, Wiederwold, Mosiak and Macknight actions and omissions of issuing a falsified misconduct report on Plaintiff for allegedly lying to an employee without supported evidence to support their finding, constitutes a violation of Plaintiff's 1st Amendment Right.

## Failure To Intervene

47. Plaintiff realleges and incorporates by reference of paragraphs 1 through 41 above as if fully set forth herein.

48. That Defendants Powell, Wiederwold, Mason, White, Mosiak and Macknight actions and omissions of not intervening or properly investigating and having a prebias disposition towards the Plaintiff regarding investigating his grievances and PREA complaint against Defendant Smith, when they all agreed that Plaintiff's grievances and PREA complaint was not true, because they all believed that Defendant Smith's version was more credible without any supporting evidence to confirm their beliefs, constitutes a violation of Plaintiff's 8th Amendment Rights under the U.S. Constitution.

## Equal Protection

49. Plaintiff realleges and incorporates by reference of paragraphs 1 through 41 above as if fully set forth herein.

50. That all Defendants violated Plaintiff's 14th Amendment under the Equal Protection Clause, when they all retaliated against the Plaintiff for excersizing his 1st Amendment Right by way of filing grievances and PREA complaint against government officials.

## Sexual Harassment

51. Plaintiff realleges and incorporates by reference of paragraphs 1 through 41 above as if fully set forth herein.

52. That Defendant Smith's actions and omissions of making sexual, derogatory and lewd remarks towards the Plaintiff constitutes a claim of sexual harassment.

## Relief Requested

Wherefore, Plaintiff requests that this court grants the following Relief:

A. Declare that all Defendants violated the Plaintiff's 1st, 8th and 14th Amendment Rights.

B. Award compensatory damages for the Plaintiff from the Defendants in the amount of $200,000, for the physical and emotional injuries.

C. Award punitive damages for the Plaintiff from the Defendants in the amount of $500,000, for said violations.

D. Award Plaintiff attorney fees, court costs and any and all other relief deemed suitable under law.

Date: March 11, 2022

Respectfully Submitted
By Mark Ford

Mark Ford MW7640
SCI-Mahanoy
301 Morea Road
Frackville, PA 17932

## VERIFICATION

The Plaintiff declares that the facts stated in the complaint are true to his knowledge, and that the facts stated on information and belief are true to the best of his knowledge and belief, pursuant to 28 U.S.C. §1746 under penalty of perjury.

By: *Mark Ford*
MARK FORD

## Certificate of Service

I, hereby certify that a true and correct copy of the foregoing Amended Complaint was forwarded to the following person(s).

Kimberly Adams, Assistant Counsel
Pennsylvania Dept. of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050

Date: March 11, 2022

By: *Mark Ford*
MARK FORD